## DILLARD v. DISTRICT COURT OF SALT LAKE COUNTY.

No. 4467.  Decided December 18, 1926.  (251 P. 1070.)

*A. A. Duncan,* of Salt Lake City, for plaintiff.

CHERRY, J.

Ivan Dillard was tried and convicted in the justice's court of precinct No. 2, in Salt Lake county, of a misdemeanor committed in precinct No. 5 of the same county. He appealed to the district court, and there moved to dismiss the complaint upon the ground that the justice before whom the action was commenced and tried did not have jurisdiction of the offense. Com. Laws Utah 1917, § 9461. The motion was denied, and the defendant was by order of the district court arraigned therein, his plea entered, and the action set for trial. To prevent the district court from proceeding further, an alternative writ of prohibition was sued out in this court.

The point to be decided is whether the justice of the peace before whom the action was commenced and tried had jurisdiction of the misdemeanor charged, in view of the fact that it was not committed within his precinct.

Prior to the year 1925, the jurisdiction of justices' courts of public offenses was prescribed by Comp. Laws Utah 1917, § 1784, as follows:

"Justices' courts have jurisdiction of the following public offenses committed within the respective counties in which such courts are established:

"1. Petit larceny;

"2. Assault or battery not charged to have been committed upon a public officer in the discharge of his duties, or to have been committed with such intent as to render the act a felony;

"3. Breaches of the peace, committing a willful injury to property, and all misdemeanors punishable by a fine less than $300, or by imprisonment in the county jail or city prison not exceeding six months, or by both such fine and imprisonment."

After the enactment of the foregoing section, the Legislature created city courts in certain cities of the state, in-

vested them with a larger civil jurisdiction than justices' courts, and, in respect of their criminal jurisdiction, provided that a city court "shall have exclusive original jurisdiction of all cases arising under, or by reason of the violation of any of the ordinances of the city in which such court is held, and shall have the same powers and jurisdiction in all other criminal actions, as are or may be prescibed for justices of the peace." Comp. Laws 1917, § 1713, as amended by Laws of Utah 1919, p. 61.

In the year 1925, the Legislature by chapter 62, Laws of Utah 1925, passed an act entitled "An act to amend section 1784, Compiled Laws of Utah 1917, relating to the criminal jurisdiction of justice's court," as follows:

"Section 1. * * * That section 1784, Compiled Laws of Utah, 1917, is amended to read as follows:

"Section 1784. * * * Justices' courts have jurisdiction of the following public offenses committed within their respective precincts or cities in which such courts are established but if there be no duly established justice court in the precinct where any of such offenses be committed, then the city courts of cities having a population of more than 5,000 inhabitants shall have jurisdiction of such public offenses and if there be no duly established city courts as aforesaid, then the nearest accessible justice court shall have jurisdiction of such public offense; provided, that such city courts above mentioned shall have original jurisdiction of the following public offenses committed within the respective counties in which such courts are established. (Here follows the same enumeration of public offenses as contained in the original section.)"

If the foregoing act is valid, it is clear that the territorial jurisdiction of justices' courts in criminal cases is limited, with the exceptions stated, to public offenses committed within their respective precincts or cities, and that in the case under consideration the justice before whom the plaintiff herein was tried and convicted had no jurisdiction of the offense charged. It would follow that ▪ the judgment of conviction was nullity, and that the proceedings had and threatened in the district court on

appeal were without and in excess of the legal power and jurisdiction of that court, and further proceedings ought to be prohibited.

But the amendatory act of the Legislature is assailed by the defendant, for that it contains more than one subject, and therefore violates article 6, § 23, of the state Constitution, which provides:

"Except general appropriation bills, and bills for the codification and general revision of laws, no bill shall be passed containing more than one subject, which shall be clearly expressed in its title."

The basis for the objection is that the act contains the subject of jurisdiction of justices' courts, and also the subject of jurisdiction of city courts; the latter not being expressed in the title.

A careful examination of the state of the law, before and after the passage of the act in question, will disclose that the jurisdiction of city courts was not affected at all by the act. That jurisdiction remained precisely the same as before the act was passed. Before the amendment, justices' courts and city courts had the same jurisdiction in criminal actions, the powers and jurisdiction of the latter being prescribed and defined in the statute as the same "as are or may be prescribed" for the former. The state of the law was therefore such that any legislative change made in the jurisdiction of justices' courts would automatically effect the same change respecting city courts, unless the act making the change provided against such consequence. Now it is plain that the Legislature desired to restrict the jurisdiction of justices' courts and to preserve unchanged the jurisdiction of city courts. To accomplish this purpose the act in question was passed, and the provision therein contained concerning the jurisdiction of city courts was not in reality a separate subject of legislation, but was merely a means of expression to the end that the object and purpose of the Legislature be accomplished. There

was in substance and effect but one subject contained in, or affected by, the act in question.

This court has frequently considered the constitutional objection to legislative acts as made here, with the result in most cases of upholding the validity of the legislation. In a recent case, *Utah State Fair Ass'n* v. *Green et al.* (Utah) 249 P. 1016, Mr. Justice Thurman, in a very careful and thorough manner, has reviewed the decisions of this and other courts, and very clearly pointed out the reasons for and purposes of the constitutional restriction, and the rules and limitations under which it should be applied. The principles there declared and the conclusion reached upon the question are decisive of the instant case, and make untenable the objection to the validity of the act in controversy. We therefore conclude that the act is not in conflict with the Constitution, but is a valid and subsisting law.

Other objections to the statute in question are that it produces confusion and derangement in criminal practice and procedure in justices' courts, and is inconsistent with other statutory provisions. There can be no doubt of this consequence. The system of procedure in such courts as established by law is in many respects adjusted to and dependent upon, the existence of a territorial jurisdiction coextensive with the county. It is suggested that the restricted jurisdiction will in effect render nugatory the statute providing for the change in the place of trial on the ground of prejudice, because there will be no justice out of the precinct with jurisdiction to whom the action can be transferred; and that, in a case where the precinct justice is himself accused, or is disabled by sickness, or is disqualified by interest or relationship to the accused person, if occurring in one of the numerous counties having no city courts, there would be no other court with jurisdiction before whom the action could be commenced or tried. Other similar objections along this line are made. It is apparent that the statute was passed without consideration of these consequences. But these are not judicial

questions, and we may not upon such grounds declare the act invalid. The evils must be corrected, if at all, by the Legislature.

For the reasons stated, it is ordered that the alternative writ heretofore issued be made peremptory and permanent. No costs allowed.

GIDEON, C. J., and THURMAN, FRICK, and STRAUP, JJ., concur.